UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM FREDERICK DEHN, JR.,

    Plaintiff,

v.                                                             Case No. 6:17-cv-6-Orl-MCR

ACTING COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

    Defendant.
_____/

## MEMORANDUM OPINION AND ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his applications for a period of disability and Disability Insurance Benefits ("DIB"). Plaintiff alleges he became disabled on October 26, 2010. (Tr. 16, 178.) A hearing was held via video conference before the assigned Administrative Law Judge ("ALJ") on January 13, 2015, at which Plaintiff was represented by an attorney. (Tr. 33-82.) The ALJ rendered a decision on June 25, 2015, finding Plaintiff not disabled from October 26, 2010, the alleged onset date, through June 30, 2012, the date last insured.[2] (Tr. 16-27.)

Plaintiff is appealing the Commissioner's decision that he was not disabled from October 26, 2010 through June 30, 2012. Plaintiff has exhausted his

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Docs. 23 & 27.)

[2] Plaintiff was only insured for DIB through that date. (Tr. 18.)

available administrative remedies and the case is properly before the Court. The undersigned has reviewed the record, the briefs, and the applicable law. For the reasons stated herein, the Commissioner's decision is **REVERSED and REMANDED.**

## I. Standard of Review

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to

determine the reasonableness of the Commissioner's factual findings).

## II. Discussion

Plaintiff raises one general issue on appeal. Plaintiff argues that the ALJ erred in evaluating the record medical opinions. Specifically, Plaintiff argues that the ALJ improperly: (a) failed to incorporate all of the limitations set forth in the September 20, 2012 Functional Capacity Evaluation ("FCE") by supervising physical therapist Kristin Ciuro in Plaintiff's residual functional capacity ("RFC"); (b) ignored Ms. Ciuro's opinions rendered in March 2011; (c) failed to articulate good cause supported by substantial evidence for rejecting the August 9, 2011 opinions of Plaintiff's treating orthopedic surgeon, Paul Keller, M.D.; (d) ignored Dr. Keller's July 24, 2012 opinions; (e) failed to articulate good cause supported by substantial evidence for rejecting the opinions of treating physician Antonio Rivera, M.D.; and (f) relied on state agency reviewing physicians.

Defendant responds that the ALJ properly evaluated the medical opinions of record, and his RFC assessment is supported by substantial evidence.

### A. Standard for Evaluating Opinion Evidence

The ALJ is required to consider all the evidence in the record when making a disability determination. *See* 20 C.F.R. § 404.1520(a)(3). With regard to medical opinion evidence, "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). Substantial weight must be

3

given to a treating physician's opinion unless there is good cause to do otherwise. *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

"'[G]ood cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004). When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on: (1) the length of the treatment relationship and the frequency of examination, (2) the nature and extent of the treatment relationship, (3) the medical evidence supporting the opinion, (4) consistency of the medical opinion with the record as a whole, (5) specialization in the medical issues at issue, and (6) any other factors that tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c)(2)-(6).

Although a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion, *see Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984) (per curiam); 20 C.F.R. § 404.1527(c)(2), "[t]he opinions of state agency physicians" can outweigh the contrary opinion of a treating physician if "that opinion has been properly discounted," *Cooper v. Astrue*, No. 8:06-cv-1863-T-27TGW, 2008 WL 649244, at *3 (M.D. Fla. Mar. 10, 2008). Further, "the ALJ may reject any medical opinion if the evidence supports a contrary finding." *Wainwright v. Comm'r of Soc. Sec. Admin.*, No. 06-15638, 2007 WL 708971, at

4

*2 (11th Cir. Mar. 9, 2007) (per curiam); *see also Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (per curiam) (same).

"The ALJ is required to consider the opinions of non-examining state agency medical and psychological consultants because they 'are highly qualified physicians and psychologists, who are also experts in Social Security disability evaluation.'" *Milner v. Barnhart*, 275 F. App'x 947, 948 (11th Cir. May 2, 2008) (per curiam). *See also* SSR 96-6p (stating that the ALJ must treat the findings of State agency medical consultants as expert opinion evidence of non-examining sources). While the ALJ is not bound by the findings of non-examining physicians, the ALJ may not ignore these opinions and must explain the weight given to them in his decision. SSR 96-6p.

### B. The ALJ's Decision

The ALJ found that Plaintiff had the following RFC:

> [T]he claimant had the [RFC] to lift and/or carry 10 pounds occasionally, stand and/or walk 6 hours total in an 8-hour workday, sit 6 hours total in an 8-hour workday, frequently climb ramps and stairs, balance, kneel, crouch, and crawl and occasionally climb ladders, ropes, and scaffolds, stoop, and reach overhead with both upper extremities. He must avoid concentrated exposure to vibration and hazards.

(Tr. 21.)

In making this finding, the ALJ gave "great weight" to the opinions rendered by Ms. Ciuro in the FCE because it "was a thorough, four-hour evaluation performed by an independent examining source." (Tr. 23.) The ALJ provided

only "partial weight" to Dr. Keller's August 9, 2011 opinions and addressed them as follows:

> Paul Keller, MD, the claimant's orthopedist, opined in August 2011 that the claimant was capable of working with 'light' restrictions. Specifically, Dr. Keller did not think that the claimant could safely do heavy lifting, lifting over 15 pounds, prolonged sitting, twisting, crawling, or overhead work with the arms. This opinion followed the July 2011 observations of a physicians' [sic] assistant in Dr. Keller's practice that the claimant had no tenderness of significance to palpation over the paraspinous muscles. Other than the 15-pound lifting limitation, Dr. Keller's opinion is vague. However, because it appears to be generally consistent with the later [FCE] discussed below, the undersigned gives it partial weight.

(*Id*. (internal citations omitted).) The ALJ also provided only "partial weight" to Dr. Rivera's opinions and addressed them as follows:

> In August 2012, Antonio Rivera, MD, who provided rehabilitative treatment to the claimant, opined that the claimant did not require any restrictions related to his lumbar spine. However, Dr. Rivera noted that the claimant should limit overhead activity with the right upper extremity and lifting over 25 pounds. The undersigned gives Dr. Rivera's opinion partial weight. The [FCE] discussed below, a seemingly more extensive physical evaluation, indicated that the claimant has some limitations connected to his lumbar spine impairment. Dr. Rivera's limitations in overhead activity and lifting, however, are consistent with the clinical findings from that evaluation.

(*Id*. (internal citations omitted).)

With the benefit of testimony from a vocational expert, the ALJ found that Plaintiff could not perform his past relevant work, but that he could perform jobs existing in significant numbers in the national economy, such as surveillance system monitor, registration clerk, and telephone solicitor. (Tr. 25-26.) Thus, the

6

ALJ found that Plaintiff was not disabled during the relevant disability period. (Tr. 26.)

### C. Analysis

The Court agrees with Plaintiff that the ALJ erred in evaluating the medical opinion evidence in assessing the RFC. As an initial matter, the ALJ provided "great weight" to the FCE completed by Ms. Ciuro because "it was a thorough, four-hour evaluation performed by an independent examining source" (Tr. 23), but failed to incorporate certain restrictions prescribed by Ms. Ciuro into Plaintiff's RFC and failed to explain why those restrictions were not included. For example, the RFC provided that Plaintiff could "lift and/or carry 10 pounds occasionally" (Tr. 21), but the FCE provided that Plaintiff could not lift any weight from the floor to his waist, or from his knees to his knuckles. (Tr. 420, 422.) Moreover, the FCE provided that Plaintiff has a "limited ability to [perform] any frequent activity secondary to pain and fatigue" (Tr. 422) and should altogether avoid crawling, kneeling, bending, squatting, and climbing ladders (Tr. 423). (*See also* Tr. 420 (reporting that Plaintiff "has the most difficulty with activities requiring squatting, kneeling, climbing, bending/stooping, reaching overhead, [and] sustained looking up/down").) Yet, the RFC provided that Plaintiff could "*frequently* climb ramps and stairs, balance, kneel, crouch, and crawl, and *occasionally* climb ladders, and scaffolds, [and] stoop." (Tr. 21 (emphasis added).)

The ALJ's RFC determination does not need to include or account for

every limitation contained in a medical opinion.  *See, e.g.,* 20 C.F.R. 404.1527(e)(2)(I) ("Administrative law judges are not bound by any findings made by State agency medical or psychological consultants."); *see also Vermillion v. Comm'r of Social Sec.*, No. 6:12–cv–1572–Orl–GJK, 2014 WL 906119, at *3 (M.D. Fla. Mar. 7, 2014) ("It is axiomatic that the ALJ's RFC determination does not have to include or account for every limitation contained in a medical opinion.")  However, "[t]he ALJ is required to provide a reasoned explanation as to why he chose not to include a particular limitation in his RFC determination." *Krauss v. Comm'r of Social Sec.*, No. 6:13–cv–640–Orl–GJK, 2014 WL 4639143, at *3 (M.D. Fla. Sept. 16, 2014) (citing *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011) and *Monte v. Astrue*, No. 5:08–cv–101–Oc–GRJ, 2009 WL 210720, at *6–7 (M.D. Fla. Jan. 28, 2009)).  For this reason, reversal is required where, as here, an ALJ fails to sufficiently articulate the reasons supporting his decision to reject portions of a medical opinion while accepting others.  *See, e.g., Kahle v. Comm'r of Soc. Sec.*, 845 F. Supp. 2d 1262, 1272 (M.D. Fla. 2012) (finding the ALJ failed to articulate the reasons supporting his decision to reject consulting physician's opinion that plaintiff's impairments could limit the use of upper body movements and coordinated activities with the hands).

      As aptly noted by Plaintiff in his memorandum, the ALJ also failed to

every limitation contained in a medical opinion.  *See, e.g.,* 20 C.F.R. 404.1527(e)(2)(I) ("Administrative law judges are not bound by any findings made by State agency medical or psychological consultants."); *see also Vermillion v. Comm'r of Social Sec.*, No. 6:12–cv–1572–Orl–GJK, 2014 WL 906119, at *3 (M.D. Fla. Mar. 7, 2014) ("It is axiomatic that the ALJ's RFC determination does not have to include or account for every limitation contained in a medical opinion.")  However, "[t]he ALJ is required to provide a reasoned explanation as to why he chose not to include a particular limitation in his RFC determination." *Krauss v. Comm'r of Social Sec.*, No. 6:13–cv–640–Orl–GJK, 2014 WL 4639143, at *3 (M.D. Fla. Sept. 16, 2014) (citing *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011) and *Monte v. Astrue*, No. 5:08–cv–101–Oc–GRJ, 2009 WL 210720, at *6–7 (M.D. Fla. Jan. 28, 2009)).  For this reason, reversal is required where, as here, an ALJ fails to sufficiently articulate the reasons supporting his decision to reject portions of a medical opinion while accepting others.  *See, e.g., Kahle v. Comm'r of Soc. Sec.*, 845 F. Supp. 2d 1262, 1272 (M.D. Fla. 2012) (finding the ALJ failed to articulate the reasons supporting his decision to reject consulting physician's opinion that plaintiff's impairments could limit the use of upper body movements and coordinated activities with the hands).

    As aptly noted by Plaintiff in his memorandum, the ALJ also failed to

every limitation contained in a medical opinion.  *See, e.g.,* 20 C.F.R. 404.1527(e)(2)(I) ("Administrative law judges are not bound by any findings made by State agency medical or psychological consultants."); *see also Vermillion v. Comm'r of Social Sec.*, No. 6:12–cv–1572–Orl–GJK, 2014 WL 906119, at *3 (M.D. Fla. Mar. 7, 2014) ("It is axiomatic that the ALJ's RFC determination does not have to include or account for every limitation contained in a medical opinion.")  However, "[t]he ALJ is required to provide a reasoned explanation as to why he chose not to include a particular limitation in his RFC determination." *Krauss v. Comm'r of Social Sec.*, No. 6:13–cv–640–Orl–GJK, 2014 WL 4639143, at *3 (M.D. Fla. Sept. 16, 2014) (citing *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011) and *Monte v. Astrue*, No. 5:08–cv–101–Oc–GRJ, 2009 WL 210720, at *6–7 (M.D. Fla. Jan. 28, 2009)).  For this reason, reversal is required where, as here, an ALJ fails to sufficiently articulate the reasons supporting his decision to reject portions of a medical opinion while accepting others.  *See, e.g., Kahle v. Comm'r of Soc. Sec.*, 845 F. Supp. 2d 1262, 1272 (M.D. Fla. 2012) (finding the ALJ failed to articulate the reasons supporting his decision to reject consulting physician's opinion that plaintiff's impairments could limit the use of upper body movements and coordinated activities with the hands).

    As aptly noted by Plaintiff in his memorandum, the ALJ also failed to

discuss the weight accorded to Ms. Ciuro's March 8, 2011 opinions.[3]  While the Commissioner asserts that the ALJ was not required to weigh Ms. Ciuro's opinions as a "non-acceptable medical source," it is unclear why the ALJ would ignore Ms. Ciuro's opinions made during the relevant disability period, but accord "great weight" to her opinions made outside the disability period.  *See Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981) (noting that the ALJ should sufficiently explain the weight given to "obviously probative" evidence).

The ALJ also failed to articulate good cause for rejecting the opinions of Dr. Keller.  The ALJ rejected the August 9, 2011 opinions of Dr. Keller solely because they were vague, "[o]ther than the 15-pound lifting limitation." (Tr. 23.)  It is unclear what the ALJ thought was vague about Dr. Keller's opinions as no further explanation was provided.  At the very least, Dr. Keller's opinion that Plaintiff could not perform "twisting or crawling" (Tr. 404) is not vague, appears consistent with Ms. Ciuro's functional limitations in that regard, and appears contrary to a portion of the ALJ's overall RFC finding.[4]

Based on the foregoing, the ALJ's evaluation of Ms. Ciuro's and Dr. Keller's opinions is not supported by good cause and substantial evidence.  Therefore,

---

[3] Ms. Ciuro opined at that time Plaintiff was "unable to lift items 0-20 lbs secondary to pain," could only walk for less than ten (10) minutes at a time, and could not perform any overhead work.  (Tr. 442-43.)

[4] Dr. Keller also opined that Plaintiff could not do any prolonged sitting or overhead work with the upper extremities.  (Tr. 404.)

this case will be reversed and remanded with instructions to the ALJ to reconsider those opinions, explain what weight they are being accorded, and the reasons therefor. If the ALJ rejects any portion of the opinions, the ALJ must explain his reasons for doing so. In light of this conclusion and the possible change in the RFC assessment, the Court finds it unnecessary to address Plaintiff's remaining arguments. *See Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam); *Freese v. Astrue*, No. 8:06-cv-1839-T-EAJ, 2008 WL 1777722, at *3 (M.D. Fla. Apr. 18, 2008); *see also Demenech v. Sec'y of the Dep't of Health & Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (per curiam). However, on remand, the ALJ shall re-consider the medical opinions of record, including those of Dr. Rivera, explain what weight they are being accorded, and why, and conduct any further proceedings deemed appropriate.

Accordingly, it is **ORDERED**:

1. The Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and **REMANDED** with instructions to the ALJ to: (a) reconsider the medical opinions of record, including the opinions of Ms. Ciuro, Dr. Keller, and Dr. Rivera, explain what weight they are being accorded, and the reasons therefor; (b) reconsider the RFC assessment, if necessary; and (c) conduct any further proceedings deemed appropriate.

2. The Clerk of Court is directed to enter judgment consistent with this Order and close the file.

3. In the event that benefits are awarded on remand, any § 406(b) or § 1383(d)(2) fee application shall be filed within the parameters set forth by the Order entered in *In re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) & 1383(d)(2)*, No. 6:12-mc-124-Orl-22 (M.D. Fla. Nov. 13, 2012). This Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

**DONE AND ORDERED** at Jacksonville, Florida, on June 13, 2018.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record